Filed 3/21/22  P. v. Hollis CA3
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C092116 |
| v. | (Super. Ct. No. 10F08037) |
| SHAYANA HOLLIS, | OPINION ON TRANSFER |
| Defendant and Appellant. | |

In 2010, defendant Shayana Hollis's codefendant, Marquis Greenwood, shot and killed defendant's boyfriend during a botched armed robbery while defendant waited in the car.  Originally charged with first degree murder under a theory of felony murder, defendant ultimately pleaded no contest to voluntary manslaughter (Pen. Code, § 192, subd. (a))[1] and admitted that she was a principal who was armed during the commission of the offense (§ 12022, subd. (a)(1)).  The trial court sentenced defendant to a stipulated 12-year prison term.

In 2019, defendant petitioned the trial court for resentencing pursuant to section 1170.95.  The trial court denied the petition, concluding defendant was not convicted of murder and thus was not eligible for relief under the statute.  Defendant appealed the trial

---

[1]  Undesignated references are to the Penal Code.

1

court's denial of her petition, arguing it erred when it ruled that her voluntary manslaughter conviction bars her from relief.

This court issued an unpublished opinion affirming the trial court's order denying the petition for resentencing, and concluding, consistent with then-prevailing case law, that defendants convicted of manslaughter were not eligible for resentencing under section 1170.95. (*People v. Hollis* (Nov. 12, 2021, C092116) [nonpub. opn.].) The California Supreme Court granted review and transferred the matter back to this court with directions to vacate our decision and reconsider the issue in light of Senate Bill No. 775 (2021-2022 Reg. Sess.), which amended section 1170.95 to, among other things, clarify that "persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural and probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1, subd. (a).)

Defendant submitted supplemental briefing arguing that the trial court's rationale for denying the petition is no longer valid and the case must be remanded because defendant stated a prima facie case for eligibility. The People did not file a response. We will reverse the order denying the petition for resentencing and remand the case to the trial court with directions to issue an order to show cause and conduct further proceedings consistent with section 1170.95, subdivision (d).

## DISCUSSION

Senate Bill No. 775 was passed as nonurgency legislation during the regular session and its amendments to section 1170.95 became effective January 1, 2022. (Cal. Const., art. IV, § 8, subd. (c)(1); see also *People v. Camba* (1996) 50 Cal.App.4th 857, 862.) Among other things, the bill amends section 1170.95 to apply to a petitioner who "was convicted of . . . manslaughter" after accepting a "plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder." (Stats. 2021, ch. 551, § 2.) Because section 1170.95, as amended, now applies to petitioners

convicted of manslaughter, such as defendant, we agree defendant is entitled to the benefit of the new legislation. (See *Western Security Bank v. Superior Court* (1997) 15 Cal.4th 232, 243.)

Under the amended section 1170.95, subdivision (c), if the petitioner makes a prima facie showing he or she is entitled to relief, the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the conviction and resentence the petitioner. (§ 1170.95, subds. (c), (d).) Section 1170.95, subdivision (d) further prescribes the process of that hearing and the evidence that may be considered at the hearing. The trial court previously denied defendant's petition because it concluded defendant's manslaughter conviction rendered her ineligible for relief. Senate Bill No. 775 has removed this basis for the trial court's decision. Accordingly, we will remand the case with directions to issue an order to show cause and hold a hearing pursuant to section 1170.95, subdivision (d). We express no opinion as to how the petition should ultimately be resolved.

## DISPOSITION

The order denying the petition for resentencing under section 1170.95 is reversed and the case is remanded to the trial court. The trial court shall issue an order to show cause and conduct further proceedings consistent with section 1170.95, subdivision (d).

                                  /S/
                               MAURO, J.

We concur:

  /S/
ROBIE, Acting P. J.

  /S/
DUARTE, J.

3